## Freeman's Estate (No. 2).

227   161
s227   161

*Wills—Life estate—Intestacy—Widow's rights.*

Where a testator gives to his wife all his real and personal estate "to take and use the same and the net income thereof during all the term of her natural life," without any gift over, the widow's personal representative after her death is entitled to take one-third of the husband's entire personal estate absolutely, and all of the accumulations of income from such one-third from the date of the death of the widow to the date of distribution.

Argued Jan. 7, 1910. Appeal, No. 323, Jan. T., 1909, by Henry Tatnall and J. Ernest Smith, Executors of the Estate of S. Augusta Freeman, deceased, from decree of O. C. Phila. Co., Jan. T., 1907, No. 48, dismissing exceptions to adjudication in estate of Charles D. Freeman, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Exceptions to adjudication.

From the record it appeared that Charles D. Freeman died on May 1, 1891, leaving a will by which he gave to his wife, S. Augusta Freeman, all of his real and personal estate "to take and use the same and the net income thereof during all the term of her natural life," without any gift over. The

widow died on June 26, 1906. Administration d. b. n. c. t. a. was taken out on the estate of Charles D. Freeman after his widow's death. The administratrices filed an account which was confirmed absolutely on January 16, 1909. Between the date of the death of the widow and the date of the audit, May 15, 1908, a large amount of income had accrued. The court distributed one-third of the principal to the executors of the widow, but awarded all of the income to the children of the decedent.

Exceptions to the adjudication were dismissed by the court.

*Errors assigned* were in dismissing exceptions to the adjudication.

*Robert D. Maxwell*, for appellants.

*John I. Rogers*, with him *J. B. Colahan, 3d*, for appellees.

OPINION BY MR. JUSTICE MOSCHZISKER, February 14, 1910:

The will of the decedent, Charles D. Freeman, and the facts in connection therewith, have been passed upon in another opinion this day filed in the appeal of Anna Dimond Freeman from the same decree which we are about to consider.

The orphans' court decided that, subject to the life estate given to his widow, the testator died intestate as to all of his property, and the estate of the widow was entitled to an absolute award of one-third of the decedent's entire personal estate. In making the decree of distribution one-third of the principal was awarded to the estate of the widow, but for some reason which does not appear in either of the opinions filed by the court below, none of the accumulations of income were awarded to her estate. Proper exceptions were filed in the court below calling attention to this fact; all of which were dismissed. The assignments of error are based upon these exceptions. They not only cover the abstract question

of the right of the estate of the widow to receive the accumulations of income properly apportionable to the principal awarded to her personal representatives, but they also contain numerous concrete figures concerning different items of income in the account. It is not necessary that we shall pass upon the particular sums to which the estate of the widow is entitled. We decide that her estate is entitled to all of the accumulations of income properly apportionable to the principal awarded to her personal representatives. To this extent the assignments of error are sustained, and to this extent the decree is reversed; and the record is remitted to the court below in order that distribution may be made in accordance with the above opinion.